Sydney GELTMAN, individually and on behalf of all other persons similarly situated, Plaintiff,

v.

C. William VERITY, Jr., Secretary, United States Department of Commerce, Defendant.

No. 89–C–16.

United States District Court, D. Colorado.

July 13, 1989.

William E. Benjamin, Boulder, Colo., for plaintiff.

Stephen D. Taylor, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff has sued the defendant, C. William Verity, Jr., Secretary, United States Department of Commerce, asserting a single claim for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a. Defendant has filed a motion for judgment on the pleadings. Plaintiff has responded by opposing the motion.

The parties have fully briefed the issues and oral argument would not materially assist my decision. Jurisdiction is based on 29 U.S.C. § 633a(c).

A party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay trial. Rule 12(c), Fed.R.Civ.P. The standard applicable to judgment on the pleadings is discussed at 2A *Moore's Federal Practice* para. 12.15 as follows:

"A motion for judgment on the pleadings must be sustained by the undisputed facts appearing in all the pleadings, supplemented by any facts of which the court will take judicial notice. For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Judgment on the pleadings may be granted only if, on the facts as so admitted, the moving party is clearly entitled to judgment...."

Pursuant to Rule 7(a), Fed.R.Civ.P., the pleadings allowed include a complaint and an answer. Defendant has not filed an

answer in the instant case. A motion for judgment on the pleadings may not be filed *before* the answer. However, a motion for judgment on the pleadings filed before the answer may be treated as a motion to dismiss. 2A *Moore's Federal Practice* para. 12.15.

I shall treat the defendant's motion as a motion, under Rule 12(b)(6), Fed.R.Civ.P., to dismiss for failure to state a claim upon which relief can be granted I thus have accepted as true the plaintiff's allegations contained in the complaint and have viewed them in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■ According to the complaint, the plaintiff was employed as a physicist in the Quantum Physics Division of the National Bureau of Standards, a component of the United States Department of Commerce, in Boulder, Colorado. On February 18, 1986, the plaintiff was notified that he would be separated from his employment by a "reduction-in-force," effective March 29, 1986. Plaintiff was advised on March 11, 1986, that he would not receive severance pay because he was immediately eligible for a retirement annuity pursuant to 5 U.S.C. § 8336(d)(1). Plaintiff was 58 years of age and had been employed by the Commerce Department for 29 years. He has complied with all administrative procedural requirements prior to commencing this suit. Plaintiff's age discrimination claim alleges that:

> "Defendant has violated 29 U.S.C. § 633a in that the denial of severance pay to plaintiff by his agency was a federal personnel action affecting and discriminating against employees thereof who are at least forty (40) years of age, since employees younger than forty (40) years of age would not be eligible for a retirement annuity and would, therefore, be entitled to severance pay if involuntarily separated." Complaint, para. XIV.

Plaintiff has instituted this suit as a class action.

In its motion, the defendant contends that the plaintiff's severance pay ineligibility, mandated by statute, does not violate the ADEA.

Pursuant to 5 U.S.C. § 5595(a) and (b), an employee of an Executive agency is entitled to severance pay if he or she:

> "(1) has been employed currently for a continuous period of at least 12 months; and
>
> (2) is involuntarily separated from the service, not by removal for cause on charges of misconduct, delinquency, or inefficiency;...."

However, § 5595(a)(2) further specifies those employees who are *not eligible* for severance pay to include:

> "(iv) an employee who is subject to subchapter III of chapter 83 of this title [Civil Service Retirement, 5 U.S.C. §§ 8331–8348] or any other retirement statute or retirement system applicable to an employee as defined by section 2105 of this title or a member of a uniformed service and who, at the time of separation from the service, has fulfilled the requirements for immediate annuity under such a statute or system;...."

It is undisputed that, at the time of the plaintiff's employment, he was eligible for a retirement annuity under Civil Service Retirement pursuant to 5 U.S.C. § 8336. Section 8336(d)(1) provides in pertinent part:

> "(d) An employee who—(1) is separated from the service involuntarily, except by removal for cause on charges of misconduct or delinquency; ... after completing 25 years of service or after becoming 50 years of age and completing 20 years of service is entitled to an annuity...."

In the instant case, the plaintiff was involuntarily separated from federal service as a result of a reduction in force and not because of misconduct or delinquency. Plaintiff was 59 years old and had been a Department of Commerce employee for 29 years. I conclude that because he was

statutorily eligible for a retirement annuity, he was ineligible for severance pay.

■ Plaintiff appears to take the position that 29 U.S.C. § 633a, on which he bases his ADEA claim, implicitly repealed 5 U.S.C. § 5595. Section 633a provides in pertinent part that:

"All personnel actions affecting employees or applicants for employment who are at least 40 years of age ... in ... executive agencies ... shall be made free from any discrimination based on age."

Repeals by implication are not favored. *United States v. Will,* 449 U.S. 200, 221, 101 S.Ct. 471, 483–84, 66 L.Ed.2d 392 (1980). Moreover, the original 1978 bill introduced in the United States House of Representatives to amend the ADEA provided in part as follows:

"[n]otwithstanding any other provision of Federal law relating to mandatory retirement requirements or relating to the hiring, discharging or promoting of employees or applicants for employment and notwithstanding any other provision of law, employees or applicants for employment who are at least 40 years of age ... shall be made free from any discrimination based on age." H.R.Rep. No. 95–527, 95th Cong., 1st Sess. 5 (1977).

As emphasized by the defendant, Congress during the 1978 session refused to enact two amendments that would have expressly repealed all age distinctions contained in the federal statutes, including the severance pay statute. Moreover, in 1978, Congress enacted legislation that expressly repealed and amended certain statutes (5 U.S.C. §§ 3322 and 8335) that limited federal employment based solely on age. In addition, Congress has amended § 5595 but those amendments did not affect that section's age qualifications contained in the severance pay exclusions. [*See,* P.L. 95–454, § 408, 92 Stat. 1111, 1173 (Oct. 13, 1978); P.L. 96–70, § 1231(d), 93 Stat. 452, 470 (Sept. 27, 1979); and P.L. 96–465, § 2305, 94 Stat. 2165 (Oct. 1980) ].

As recognized by the defendant, the ADEA was enacted to provide severance pay benefits to employees involuntarily separated from Federal service. However, the monetary relief afforded by the ADEA is aimed at Federal employees who, after long years of Federal service, are without work and without retirement. *See, Akins v. United States,* 194 Ct.Cl. 477, 439 F.2d 175 (1971).

I find and conclude that the ADEA, specifically § 633a, did not repeal 5 U.S.C. § 5595 by implication.

I have examined the plaintiff's other arguments and find them to be without merit. Whether denial of severance pay to the plaintiff is "personnel action" by an executive agency and falls within the purview of the ADEA is irrelevant. Plaintiff has been precluded by Congress from receiving severance pay because he is eligible for a retirement annuity.

Accordingly, it is ORDERED that:

(1) Defendant's motion for judgment on the pleadings, which I have treated as a motion to dismiss, is granted; and

(2) Plaintiff's complaint and action are dismissed. Each party shall pay his own costs.