In re STEELE'S MARKET, INC., Debtor.

Jeffrey A. Weinman, Chapter 7 Trustee, Plaintiff,

v.

Miscio & Stroud, Inc.; Larry Stroud; and Brad Van Hull, Defendants.

Bankruptcy No. 01–11323–SBB.
Adversary No. 03–1109–SBB.

United States Bankruptcy Court, D. Colorado.

Jan. 21, 2004

---

Ed G. Perlmutter, David R. Eason, M. Frances Cetrulo, Denver, CO, James E. Ringenberg, Fort Collins, CO, for Debtor.

Harvey Sender, Bonnie Bell Bond, Dirk W. DeRoos, avid Wadsworth, Jane E. Frey, Kelly J. Sweeney, Denver, CO, for US Trustee.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS (DOCKET # 48)

SIDNEY B. BROOKS, Chief Judge.

THIS MATTER comes before the Court on the Motion for Judgment on the Pleadings filed on September 26, 2003 ("Motion") by defendants Larry Stroud ("Stroud") and Brad Van Hull ("Van Hull") (Docket # 48) and the Response thereto filed by Jeffrey A. Weinman, the Chapter 7 Trustee ("Trustee") on October 16, 2003 (Docket # 50). The Court, having reviewed the file and being advised in the premises, makes the following findings, conclusions and Order.

For the reasons set forth herein, the Motion will be DENIED.

## I. FACTS

The Trustee filed a Complaint to Avoid Preferential Transfers Under Sections 547 and 550 of the Bankruptcy Code on February 7, 2003, against Miscio & Stroud, Inc. ("M & S"), Stroud individually, and Van Hull individually. The Complaint alleges that Debtor Steele's Market, Inc. ("Debtor") filed a petition for relief under Chapter 11 on February 8, 2001, which was later converted to a Chapter 7 case on November 15, 2001. The Trustee alleges that Debtor made two separate payments totaling $29,000 to M & S within ninety days prior to the filing of the bankruptcy petition. The Complaint alleges that M & S subsequently transferred these payments to Stroud and Van Hull in separate installments. The Complaint asserts two claims for relief. The first claim contends that the transfer of funds to M & S, totaling $29,000, are voidable as a preference pursuant to 11 U.S.C. § 547(b). The second claim in the Complaint states:

> *In the alternative*, Miscio & Stroud, Inc. upon receipt of the funds was obligated to immediately disburse the funds to Larry Stroud and Brad Van Hull. Therefore, Miscio & Stroud, Inc. was merely a conduit, and Larry Stroud and Brad Van Hull are initial transferees.

(emphasis added) *Pl. Compl.*, ¶ *13*. The Trustee alleges that the transfers to Stroud and Van Hull are voidable as preferences pursuant to 11 U.S.C. § 547(b).

M & S failed to file an Answer to the Complaint. On July 2, 2003, the Trustee filed Trustee's Notice of Intent to Apply for Default Judgment Against Defendant M & S (Docket # 28). On July 9, 2003, the Trustee filed Trustee's Motion for Entry of Default and Default Judgment Against M & S (Docket # 30). Gary Callahan, counsel for M & S, by letter filed with the Court on July 10, 2003 (Docket # 34), stated that M & S "agrees to accept the default judgment" against M & S. He stated further, in this correspondence, that the entity M & S had been dissolved.[1] On July 15, 2003, the Court entered an Order

---

1. One question the Court has, discussed at length below, is whether Mr. Callahan had any authority to do anything on behalf of a dissolved corporation.

Granting Default Judgment Against M & S and a Default Judgment (Docket # s 34 and 35). The Order Granting Default Judgment provides, "This judgment is a final judgment within the meaning of Fed. R.Bankr.P. 54(b).... Therefore, it is ordered, adjudged and decreed that final judgment be and hereby is entered in favor of the Trustee and against Defendant M & S in the amount of $29,000, plus reasonable costs and attorney's fees."

## II. SUMMARY OF THE PENDING MOTION AND RESPONSE THERETO AND ARGUMENTS BY THE PARTIES

Defendants Stroud and Van Hull filed their Motion on September 25, 2003 (Docket # 48). Stroud and Van Hull contend that the Trustee specifically pled the two claims for relief in the Complaint in the mutually exclusive alternative. Therefore, the Trustee set up a situation where he could either have judgment against M & S as the initial transferee or he could claim that M & S was merely a conduit entitling him to judgment against Stroud and Van Hull only. Defendants Stroud and Van Hull contend that because the Trustee obtained a default judgment against M & S, Defendants Stroud and Van Hull claim that the Trustee is now barred from seeking judgment against them on his mutually exclusive second claim for relief. Stroud and Van Hull claim that the principles of issue and claim preclusion as well as the doctrine of election of remedies prevents the Trustee from obtaining a further judgment against them on a cause of action pled specifically in the alternative.

The Trustee filed Trustee's Response to Motion for Judgment on the Pleadings on October 16, 2003 (Docket # 50). The Trustee argues that he simply followed accepted procedure in moving for a default against M & S and claims that Defendants

Stroud and Van Hull are now seeking to exploit the situation. The Trustee argues that is would simply be inequitable for the Court to prevent the Trustee from pursuing the funds in the hands of Stroud and Van Hull, especially when M & S has been dissolved. The Trustee contends that issue preclusion is not applicable in this situation because the default did not resolve the issue of whether Stroud and Van Hull are initial transferees under 11 U.S.C. § 550. The Trustee argues that the doctrine of claim preclusion is also inapplicable in this case because claim preclusion requires a judgment on the merits in an *earlier action.* Because there has not been a previous suit, the Trustee contends that claim preclusion does not apply. Finally, the Trustee claims that the doctrine of election of remedies should not be applied in this instance because the purpose of the doctrine, namely to prevent double recovery, forum shopping, and harassment of defendants by dual proceedings, are not present in this case.

## III. DISCUSSION

### A. *Standard for Judgment on the Pleadings*

Bankruptcy Rule 7012(c) provides that, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In reviewing a motion for judgment on the pleadings, the Court must take all allegations contained in the non-moving party's pleadings as true, and all allegations of the moving party which are denied as false. *Hamilton v. Cunningham,* 880 F.Supp. 1407, 1410 (D.Colo.1995). Judgment on the pleadings may only be granted by the Court if, upon facts so admitted or denied, the moving party is clearly entitled to judgment as a matter of law. *Id.* "A motion for judgment on the pleadings is designed to dispose of cases

where material facts are not in dispute and judgment on the merits can be rendered based on the content of the pleadings and any facts of which the court will take judicial notice." *Id.*

## B. *Election of Remedies, Claim and Issue Preclusion*

This is a fairly close issue. The facts of this case are unique and, to make matters more complicated, there appears to be very little, if any, case law directly on point.[2] A plain reading of the complaint suggests that the two causes of action were pled *in the alternative* and are based upon the same set of facts and transactions. Accordingly, because judgment has entered based upon the first cause of action against M & S, it would appear that the second claim for relief, pled in the mutually exclusive alternative as a conduit theory, cannot lie against Stroud and Van Hull. On the other hand, this would appear to be an inequitable result given that the Trustee cannot recover *any* of the funds from the dissolved entity M & S, against whom the judgment has been entered.

### 1. *The Doctrine of Election of Remedies as Applied to this Case*

Of the three legal doctrines which Stroud and Van Hull cite in support of their request for judgment on the pleadings, election of remedies appears to be the most viable. But, under the facts and circumstances of this case, it cannot stand. The doctrine of election of remedies requires the plaintiff to choose between inconsistent remedies available on the same set of facts and prevents the plaintiff from recovering twice for the same wrong. *El-liott v. The Aspen Brokers, Ltd.,* 825 F.Supp. 268, 269 (D.Colo.1993). A plaintiff may plead mutually exclusive or inconsistent theories of recovery but must generally chose between the alternate theories at the time of judgment. *Id.* Given that the Trustee sought and received a judgment against M & S, the alternative theory seemingly would not be available to the Trustee under the doctrine of election of remedies.

Under the facts of this case, however, it would appear from the scant record before this Court, that the Trustee could *not* recover twice here. Consequently, there is no election of remedies issue here. Moreover, this Court has very serious questions about the apparent snare that M & S, by way of Gary Callahan, has set for the Trustee. In reading the letter by Gary Callahan, many assurances were made: (1) that M & S agreed to accept the default *judgment,* (2) that M & S *was* a small real estate sales company located in Ft. Collins, (3) that M & S was dissolved under the laws of Colorado, and (4) that M & S had *no business and no assets, no officers or directors.* Mr. Callahan moreover assured counsel for the Trustee that he would cooperate fully. *Interestingly, and not unimportantly, Mr. Callahan agreed that the Court may enter findings of law and fact with respect to the default, but that such default shall not be deemed an admission of liability by M & S.*[3]

First, there is very little information before the Court with respect to *any* authority Mr. Callahan had to act on behalf of M & S, since, in his own words, there was no business, no assets, no officers or directors. *Thus, who was calling the shots*

---

2. Surprisingly, Stroud and Van Hull cite to *no* authority in support of their election of remedies, claim and issue preclusion arguments.

3. It would appear, however, that at the Fed. R.Bankr.P. 7026 Status Conference, conducted by the Law Clerk, that the statement that such "default shall not be deemed and admission of liability" was retracted by counsel.

*here?* Second, although a default judgment was entered—hence, liability determined—if Mr. Callahan had *any* authority whatsoever, if the default judgment was intended by M & S to *not* be an admission of liability, then what effect, if any, does the judgment have? Simply put, Mr. Callahan's letter raises a number of questions—and casts a shadow and a certain taint on this case—which preclude entry of a judgment on the pleadings.

### 2. *Issue and Claim Preclusion Do Not Apply*

The doctrines of claim preclusion and issue preclusion are not, under the facts and circumstances of this case, applicable. Claim preclusion requires a judgment on the merits in a previous suit. *Yapp v. Excel Corp.,* 186 F.3d 1222, 1226 (10th Cir.1999)(claim preclusion requires "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits"). Here, there is only one law suit and, therefore, no previous action between the parties.

Further, in order for issue preclusion to apply, the following four factors must be met: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been fully adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Adams v. Kinder–Morgan, Inc.,* 340 F.3d 1083, 1093 (10th Cir.2003). The Trustee argues that the issue previously decided by the default judgment was whether the transfers to M & S are voidable under 11 U.S.C. § 547, not whether

Stroud and Van Hull are the "initial transferees" under 11 U.S.C. § 550. This Court agrees.

### IV. *ORDER*

IT IS THEREFORE ORDERED that the Motion is DENIED. The one-day trial of this matter set on the Court's three-day trailing docket, commencing at 9:00 a.m. on Wednesday, February 11, 2004, is hereby CONFIRMED.