Henry S. REINKE d/b/a Lakeside
Properties, Plaintiff–
Appellant,

v.

Robert W. BODEN, Richard M.
Stark, and John C. Kalenberg,
Defendants–Appellees.

No. 93–1966.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 4, 1993.

Decided Jan. 10, 1995.

Ben Barnow, Alan Marc Goldberg, Thomas
Lee Hefty (argued), Sam Tuzzolino, Barnow
& Hefty, Chicago, IL, for plaintiff-appellant.

Floyd Babbitt, James R. Latta, James A.
Roth, Fagel & Haber, Mary E. Gardner (argued), McNeela & Griffin, Chicago, IL, for
defendants-appellees.

Before BAUER and RIPPLE, Circuit
Judges, and REYNOLDS, District Judge.*

* The Honorable John W. Reynolds of the United          States District Court for the Eastern District of

RIPPLE, Circuit Judge.

This is an appeal from the district court's entry of summary judgment for the defendants Robert W. Boden, Richard M. Stark, and John C. Kalenberg ("defendants"). The court held that the complaint of Henry S. Reinke, d/b/a Lakeside Properties ("Mr. Reinke"), was barred by res judicata. For the reasons articulated below, we reverse the judgment of the district court and remand the case for further proceedings.

I

BACKGROUND

Mr. Reinke, an Illinois resident, originally brought suit in September 1988 in Minnesota state court against the defendants, all Minnesota residents. His complaint alleged that the defendants had breached a written guarantee of a lease.[1] Although Mr. Reinke contended that Illinois' ten-year statute of limitations should control over Minnesota's six-year statute, the Minnesota trial court applied the Minnesota limitations period. The court determined that Mr. Reinke's cause of action had fully accrued in May 1982, and accordingly entered judgment against Mr. Reinke on the basis that his complaint was time-barred under Minnesota's limitations statute. The decision was affirmed by the state appellate court, and further review was denied by the Minnesota Supreme Court.

On January 29, 1992, Mr. Reinke filed this diversity action in federal district court in Illinois against the same defendants. His complaint was essentially identical to the one that he previously had filed in Minnesota. The defendants moved for summary judgment on the ground that Mr. Reinke's action was barred by res judicata. The district court agreed. It held that Mr. Reinke's diversity action was barred by res judicata and granted the defendants' summary judgment motion.

In reaching this conclusion, the district court relied upon 28 U.S.C. § 1738,[2] which "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). Relying on that mandate and the Court's later holding in *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984), the district court decided that the preclusive effect of the Minnesota court's ruling was to be determined by reference to Minnesota law. Turning then to Minnesota law, the court determined that Minnesota would consider a judgment on the merits to bar a second suit on the same cause of action between the same parties. *See Nitz v. Nitz,* 456 N.W.2d 450, 451 (Minn.App.1990). The district court also observed that the present suit involved the same parties and same facts as the claim brought in Minnesota. It further noted that, in Minnesota, a summary judgment on the ground that the suit is barred by the statute of limitations is considered to be "on the merits" under Minnesota Rule of Civil Procedure 41.02(c).[3] The district court therefore

---

Wisconsin is sitting by designation.

1. In 1981, the parties had agreed that Mr. Reinke would pay $100,000 to the defendants for their interest in Lakeside Properties, a partnership the defendants owned. In return, the defendants agreed to lease property from Lakeside Properties for their business, Insulation Sales Company, for three years. Mr. Reinke claimed that the defendants unconditionally guaranteed the lease. Insulation Sales Co. failed to make the required payments. Mr. Reinke alleged that the company defaulted under the lease and that the defendants failed to honor their guarantee.

2. The pertinent paragraph of 28 U.S.C. § 1738 states:

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

3. Minnesota Rule of Civil Procedure 41.02 provides:

(c) Unless the court specifies otherwise in its order, a dismissal pursuant to this rule and any dismissal not provided for in this rule or in Rule 41.01 [voluntary dismissal], other than a dismissal for lack of jurisdiction, for forum non conveniens, or for failure to join a party indispensable pursuant to Rule 19, operates as an adjudication upon the merits.

The Minnesota Court of Appeals construed this rule and concluded that "[a] dismissal based on

determined that the Minnesota judgment precluded other lawsuits on the same cause of action. "Because Minnesota would consider plaintiff's Minnesota lawsuit precluded, so must this court." Mem. op. at 6.[4]

The district court expressly rejected Mr. Reinke's assertion that this diversity action required the court to look to Illinois law for the preclusive effect of the Minnesota lawsuit. It stated:

> It is well settled that "[a] federal diversity court is required to accord all the res judicata effects that a judgment entered in another state would command as a matter of full faith and credit in any other state court." Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 4472 at 730 (1981). Since a state court would be required to look to the preclusive effect of the judgment in the state which rendered the judgment, so would a federal diversity court. *See Migra,* 465 U.S. at 81, 104 S.Ct. at 896.

Mem. op. at 7. Nevertheless, noted the court, the action would still be barred under federal and Illinois law because dismissal based upon the statute of limitations is considered an adjudication on the merits under Federal Rule of Civil Procedure Rule 41(b)[5] and Illinois Supreme Court Rule 273.[6]

## II

## DISCUSSION

### 1.

As this case comes to us, an Illinois citizen has attempted to bring an action in federal court in Illinois. There are no issues regarding the requisite diversity jurisdiction or the exercise of in personam jurisdiction. Nevertheless, the federal court in Illinois, exercising jurisdiction based on the diversity of the citizenship of the parties, refused to hear this case because, in its view, the judgment of a Minnesota state court prevented it from doing so.

This previous Minnesota state court judgment involved the same cause of action and the same parties. That suit was dismissed by the Minnesota state court because, in Minnesota, the statute of limitations of the forum is employed, and the Minnesota statute of limitations barred the action. In reaching its decision, the Minnesota court rejected the argument that, rather than apply its own statute of limitations, it ought to use the statute of limitations of Illinois. In the past, the use of a statute of limitations other than that of the forum was usually, although not always,[7] considered the prerogative of the legislature. In recent times, however, such use of the statutes of limitations of the state whose substantive law governs the controversy has become "the emerg-

---

statute of limitation grounds is a decision on the merits." *Nitz,* 456 N.W.2d at 452.

4. The district court remarked that the case for res judicata was strengthened by the fact that the Minnesota court had held that its own statute of limitations was applicable and that the Illinois statute was inapplicable. Mem. op. at 6.

5. Federal Rule of Civil Procedure 41, Dismissal with Actions, provides:

> (b) Involuntary Dismissal: Effect Thereof: For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

6. Rule 273 of the Illinois Supreme Court, "Effect of Involuntary Dismissal," provides:

> Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits.

7. *See, e.g., Heavner v. Uniroyal, Inc.,* 63 N.J. 130, 305 A.2d 412, 418 (1973) (borrowing, by judicial decision, the statute of limitations of another state); *Cf. Warner v. Auberge Gray Rocks Inn, Ltee.,* 827 F.2d 938, 940–41 (3d Cir.1987) (construing *Heavner* as requiring application of New Jersey law when state has significant interest in compensating its domiciliaries); *Henry v. Richardson–Merrell, Inc.,* 508 F.2d 28 (3d Cir.1975) (construing *Heavner* as requiring application of a foreign statute of limitations when foreign substantive law governs the action).

ing trend."[8] In rejecting an invitation to employ "the emerging trend," the Minnesota court explicitly noted that it was adhering to the traditional view that statutes of limitations are procedural in nature: "It is well-settled in our courts that the limitation of time statutes generally are procedural and that the law of the forum is applied." Mem. op. at 2.

### 2.

In assessing how the district court in Illinois, whose judgment is before us today, ought to treat this Minnesota decision, we note at the outset that the district court selected the correct starting point. Section 1738 of the Judicial Code commands in its third paragraph that, consistent with other constitutional strictures, a federal court must give the judgment of a state court the same effect that it would have in the courts of the state of rendition.[9] The task before us, then, is to determine the nature and scope of the Minnesota judgment and then to follow the command of § 1738. *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 381, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982). Although we agree with the district court on the nature of the task before us, regretfully we find ourselves in respectful disagreement on the difficult question of the correct characterization of the Minnesota judgment.

### 3.

Determining whether an action is time-barred is a very basic and essential component of the litigation process. It is a task that ought to be achieved easily, definitively, and quickly. In recent times, however, no area of traditional adjective law has precipitated more ambiguity and caused more theoretical and practical snarls than this area. Accordingly, at the beginning of the discussion, it is helpful to set forth the major features of the received tradition regarding statutes of limitations—a tradition that still animates much of the governing law today.

■ Statutes of limitations traditionally have been characterized as falling into one of two categories. Some statutes of limitations are considered an integral part of the cause of action; when the statute of limitations runs, the cause of action is extinguished.[10] When a statute of limitations is of this type, a judgment dismissing the cause of action because the time in which to bring suit has expired amounts to a decision "on the merits." Further litigation on that cause of action is barred. There is no contention, among either the litigants or the courts, that this sort of statute of limitations is at issue in this case.

■ The second and more common type of statute of limitations does not extinguish the cause of action upon the running of the limitations period; only the possibility of obtaining a remedy in that forum is gone. Such a determination is a matter of the forum's procedural law because it is designed to protect both the parties and the local courts against the prosecution of stale claims. Consequently, the dismissal bars a subsequent suit in that jurisdiction, a bar that cannot be avoided by shifting the legal theory or adding factual embellishment. However, under this traditional approach, a dismissal under this form of statute of limitations does not bar a subsequent suit in another jurisdiction. It simply means that the cause of action cannot be heard in the jurisdiction of dismissal because that jurisdiction considers suits of that vintage to be stale. That judgment establishes only that the suit is time-barred in the

---

8. Restatement (Second) of Conflict of Laws (1988 Revisions) § 142 cmt. e (1988). Although not addressed specifically by the Minnesota courts or the district court, we shall assume that the substantive law of Minnesota would be applicable in this controversy involving the lease of Minnesota land.

9. The pertinent part of 28 U.S.C. § 1738 is recited in footnote 2.

10. *See* Restatement (Second) of Conflict of Laws § 143 cmt. c (1971); Eugene Scoles & Peter Hay, *Conflict of Laws* § 3.10 (2d ed. 1992).

state of rendition; it says nothing about a suit in the second jurisdiction.[11]

■ Finally, before turning to the case before us, the basic treatment of a statute of limitations of this second type in federal court ought to be recalled. When its jurisdiction is based on diversity of citizenship, a federal court is obliged to apply the statute of limitations of the state in which it sits. *Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 110, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945). Therefore, a judgment on the ground of a statute of limitations in state court bars a subsequent suit on the same cause of action in a federal court sitting in that state because that federal court is obliged to apply the same statute of limitations as would the state court. This rule would seem to require also that, in a subsequent suit on the same cause of action in a federal court sitting in another state, the second federal court ought to apply, in obedience to *Guaranty,* the statute of limitations of the state in which it sits. As we note below, however, countervailing federal concerns embodied in the federal rules might alter the result in this latter situation. *Cf. Hanna v. Plumer,* 380 U.S. 460, 473, 85 S.Ct. 1136, 1145, 14 L.Ed.2d 8 (1965) (holding that "*Erie* and its offspring cast no doubt on the long-recognized power of Congress to prescribe housekeeping rules for federal courts"); *Byrd v. Blue Ridge Rural Elec. Coop., Inc.,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958) (holding that "the federal policy favoring jury decisions of disputed fact" in civil trials was an "affirmative countervailing consideration[ ]" to the mandate of *Erie*).

### 4.

■ We turn now to an examination of the judgment of the Minnesota court. As noted earlier, both the trial and appellate courts in Minnesota, in the course of rejecting the argument that they ought to use the Illinois statute of limitations instead of the Minnesota statute of limitations, pointed out that, in

Minnesota, statutes of limitations are procedural devices. Indeed, they noted that a forum ought to use its own statute of limitations and not that of another jurisdiction. Because Minnesota adheres to this traditional view of the procedural nature of a statute of limitations, the Minnesota courts' conclusion that the cause of action is barred by its statute of limitations is, on its face, nothing more than a determination that the action is time-barred in Minnesota. A Minnesota judgment holding that the Minnesota statute of limitations bars the maintenance of a suit in Minnesota says nothing about whether Illinois will allow the suit.

The district court was of the view that this straight-forward analysis was complicated by the fact that Minnesota, as a matter of its internal procedural rules, has termed a dismissal on the ground of statutes of limitations to be a "judgment on the merits." This rule, according to the district court's analysis, trumps Minnesota's frank and explicit acknowledgment that statute of limitations matters are procedural and that a forum ought to use its own procedure. In short, according to the district court, the Minnesota courts' determination that the case is late in terms of the Minnesota statute of limitations must also bar any independent determination by Illinois statute that the suit can be brought in Illinois.

There is a line of cases that might appear to offer some support for the view of the district court. These cases hold that, when successive actions are brought in different federal courts, a determination by the first federal court that the cause of action is barred by the statute of limitations of one state bars a successive action in a second federal court—even though that second court would apply a different statute of limitations, the statute of the state in which it sits. Almost all federal courts that have reached this result have justified their decision by reliance on the last sentence of Rule 41(b) of

11. *See Warner v. Buffalo Drydock Co.,* 67 F.2d 540, 541 (2d Cir.1933) ("The decisions of the Supreme Court and the English cases all indicate that the judgment of the court of a foreign state which dismisses a cause of action because of the statute of limitations of the forum is not a decision on the merits and is not a bar to a new action upon the identical claim in the courts of another state."), *cert. denied,* 291 U.S. 678, 54 S.Ct. 529, 78 L.Ed. 1066 (1934).

the Federal Rules of Civil Procedure.[12] That sentence states that all dismissals other than the ones mentioned in the rule (statute of limitations is not among them) are adjudications on the merits.

We do not believe that this line of cases can control the situation we have before us. These cases involve situations in which the original adjudication as well as the second suit were in a federal district court. Whatever might be the merit of this approach in cases that involve successive suits in the federal courts—and there has been serious criticism [13]—the rationale of these decisions cannot control our case. Unlike any of these cases, we do not have before us two successive federal suits. This difference is not a formalistic one. An intrasystem use of res judicata for dismissals on the ground of the expiration of a statute of limitations promotes judicial economy within that system. Therefore, it is in the interest of that system to give res judicata effect to the first judgment. Indeed, in *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1046 (5th Cir.1989), Judge Johnson identified this federal interest in applying a federal rule of res judicata to the first judgment. He noted that the rule was necessary to protect "the already overburdened district courts of the United States to hear the same claims over and over again." In the context of the intersystem use of res judicata, however, the intent of the first forum to save the judicial resources of the second cannot be so readily presumed. The first forum does not share the same interest in restricting the scope of its judgment because any subsequent suit will take place in the forum of another system. Notably, in its denial of rehearing en banc in *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 880 F.2d 818, 819 (5th Cir.1989), the Fifth Circuit stated explicitly that its reliance on Rule 41(b) in the situation of successive federal appeals did not announce a departure from the traditional approach to statutes of limitations followed in cases in which the earlier judgment was rendered by a state court.

Here, the district court was asked to recognize the judgment of a state court. Therefore, our task is to determine the scope that Minnesota intended to give to a judgment based on the running of the statute of limitations.[14] The district court was of the view that Minnesota's enactment of a rule of court that closely mirrors Federal Rule 41(b) evidences, in a definitive way, that Minnesota has chosen to characterize all statutes of limitations decisions rendered by its state courts as precluding all litigation on the same cause of action between the same parties in *any* court.[15] At the outset, we note that

---

**12.** See *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128–29 (10th Cir.) (per curiam), *cert. denied*, 502 U.S. 952, 112 S.Ct. 407, 116 L.Ed.2d 355 (1991); *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 880 F.2d 818, 820 n. 1 (5th Cir.1989); *Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1180 (4th Cir.1989); *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 896–97 (2d Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983); *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 831–32 (6th Cir.1978) (per curiam); *Sack v. Low*, 478 F.2d 360, 364 (2d Cir.1973); cf. *Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir.1981) (noting that a summary judgment on the ground of the running of the statute of limitations is a judgment on the merits); *Myers v. Bull*, 599 F.2d 863, 865 (8th Cir.) (per curiam) (same), *cert. denied*, 444 U.S. 901, 100 S.Ct. 213, 62 L.Ed.2d 138 (1979).

**13.** See *Sack*, 478 F.2d at 368 (Friendly, J.); 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4441 (1981); Allan R. Stein, *Erie and Court Access*, 100 Yale L.J. 1935, 1937 n. 11 (1991).

**14.** Cf. *Rose v. Town of Harwich*, 778 F.2d 77, 80 (1st Cir.1985) ("The question for us, therefore, is ... whether [Minnesota] would consider a dismissal based on this particular limitations provision to be a dismissal 'on the merits.'"), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 720 (1986).

**15.** The Court of Appeals for the Eighth Circuit appears to have assumed, in dictum, that Minnesota intends that judgments of dismissal based on its statute of limitations be given res judicata effect in other jurisdictions. See *Austin v. Super Valu Stores, Inc.*, 31 F.3d 615, 618 (8th Cir. 1994). The opinion provides no analysis on the point. In *Austin*, the court decided that a ruling by a federal district court in Louisiana, which had dismissed a previous suit on the ground that the Louisiana statute of limitations barred the action, was res judicata in a later proceeding brought in the federal district court in Minnesota. *Id.* at 620. We also note that the court held that the res judicata effect of a judgment obtained in federal court sitting in diversity was determined by state and not federal law. *Id.* at 618.

several considerations militate against attributing such a radical course to Minnesota. As we have just seen, it is not at all clear that such an interpretation of Rule 41(b) would be faithful to its intended purpose. Nor is it at all clear that the federal rule was intended to abrogate the traditional rule that a dismissal on the ground of the running of the statute of limitations acts as a bar to "[s]uccessive actions in different systems of courts." 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4441, at 369 (1981). Courts that have relied upon Rule 41(b) as a bar to successive suits have restricted such a strict rule of preclusion to successive statute of limitations judgments within the federal court system. In this context, considerations of judicial economy make such a reading at least plausible because it is possible to ascertain a motivation for the first federal forum's placing such a limitation on its judgment. By contrast, it is difficult to discern the same motivation in Minnesota. Minnesota has no interest in barring further litigation in another forum, state or federal.

The impact of the reading given the Minnesota rule by the district court also counsels restraint in attributing such an expansive intent to Minnesota. Such an interpretation would allow Minnesota to bar any relief in any state, no matter how important the connection of the litigation with that second state. For instance, if Minnesota had only the most tangential relationship with the litigation, a judgment that its statute of limitations had expired would bar litigation even in a state which had a very important interest in serving as the forum and whose statute of limitations had not expired. Therefore, the cases upon which the defendant relies, involving successive suits in the same court system, simply do not support the broad extension taken by the court here.

Moreover, there is concrete evidence that Minnesota did not intend such a radical role for its court rule. Although the Minnesota Court of Appeals has noted that a statute of limitations dismissal amounts to a dismissal on the merits, it has not done so in the context of the intersystem situation presented here. *See Nitz v. Nitz,* 456 N.W.2d 450,

452 (Minn.App.1990). Indeed, the *Nitz* court cited the Fifth Circuit's decision in *Steve D. Thompson,* the very decision in which, upon denial of rehearing en banc, the court noted that it did not purport to apply the "decision with prejudice" rationale derived from Rule 41(b) to an intersystem situation. Moreover, in this very case, the state trial court in Minnesota noted that it was "well-settled in our courts that the limitation of time statutes generally are procedural and that the law of the forum is applied." Mem. op. at 2. In similar fashion, the appellate court in Minnesota noted that matters involving procedure and remedies are governed by the law of the forum and that the state statute of limitations is one of those matters. In short, the Minnesota courts in this litigation took the view that statutes of limitations are procedural and that each forum ought to apply its own. It is difficult to attribute to such a court the intent to make its statute of limitations decision binding on all other jurisdictions.

### 5.

■ Because no deference is owed to the Minnesota judgment, we must determine whether an Illinois court would preclude this suit on the ground that it was barred by Illinois statute of limitation principles. It is clear that, as a general rule, Illinois considers statute of limitations matters to be procedural and applies the law of the forum state. *See Cox v. Kaufman,* 212 Ill.App.3d 1056, 156 Ill.Dec. 1031, 1035, 571 N.E.2d 1011, 1015 (1991). It also seems well established in Illinois that a dismissal in an Illinois court based on the statute of limitations bars any subsequent action in Illinois. *See American Nat'l Bank & Trust v. City of Chicago,* 826 F.2d 1547, 1553 (7th Cir.), *cert. denied,* 484 U.S. 977, 108 S.Ct. 489, 98 L.Ed.2d 487 (1987); *Chang v. Northwestern Memorial Hosp.,* 549 F.Supp. 90, 93 (N.D.Ill.1982). On the other hand, we cannot say that Illinois has forsaken its traditional position that dismissal of a suit on the ground that the action does not meet the statute of limitations of a foreign jurisdiction precludes suit in Illinois only if the same statue of limitation applies. *See Fender v. St. Louis Southwestern Ry.,* 73 Ill.App.3d 522, 528, 29 Ill.Dec. 525, 392

N.E.2d 82, 85 (1979). The law in Illinois is compatible with the weight of authority.[16] Accordingly, we conclude that Illinois would not bar this suit on statute of limitation grounds.

### Conclusion

We hold that the Minnesota judgment did not preclude the commencement of an action in the district court in Illinois. Accordingly, the judgment of the district court is reversed and the case is remanded for further proceedings in conformity with this opinion.

REVERSED AND REMANDED.

---

16. *See, e.g., Fender,* 29 Ill.Dec. at 528, 392 N.E.2d at 85 ("[A] decision of a court in one state holding that an action is barred by a statute of limitations will preclude the maintenance of a subsequent action in another state on the same claim only if the same statute of limitations applies."); *Chang,* 549 F.Supp. at 93 (stating rule applicable to its case: "[T]he dismissal of a case on limitations grounds in one jurisdiction is a bar to another action *in the same jurisdiction.*"). *Cf.* Restatement (Second) of Conflict of Laws §§ 110 & 142 cmt. f; Restatement (Second) of Judgments § 19, cmt. f (1988); James Wm. Moore et al., 1B *Moore's Federal Practice* ¶ 0.409[6]; Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4441.