**Leonid GOZENPUD, Plaintiff,**

v.

**CROWN CONTROLS CORPORATION, a corporation and Crown Controls International Corporation, a corporation, Defendants.**

**No. 95 C 3523.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 7, 1995.

Gary Dean Leigh, Sandman, Levy & Petrich, Chicago, IL, for plaintiff.

William D. Serritella, Paul Matthew Glavin, Ross & Hardies, P.C., Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff, Leonid Gozenpud, has filed a motion to compel which requires this court to interpret the new Illinois law on "product liability," part of the tort "reform" legislation which became law in Illinois this year.

Mr. Gozenpud alleges that he was standing next to a piece of industrial equipment called a walkie pallet truck[1] while performing his job with Redi–Cut Foods when the automatic brake on the truck failed causing the truck to move forward and crush his right leg. On May 12, 1995, Mr. Gozenpud filed the present lawsuit against Crown Controls Corporation and Crown Controls International Corporation ("Crown")[2] in Illinois state court alleging that Crown negligently maintained and inspected the pallet truck and he was injured as a proximate result. Crown removed the action to this court on June 15, 1995 based on diversity of citizenship, 28 U.S.C. §§ 1332, 1441. On June 20, 1995, Crown answered the complaint, admitting that its business includes maintaining and inspecting pallet trucks and it "occasionally performed service" on a Redi–Cut Foods pallet truck bearing the serial number of the truck that allegedly harmed Mr. Gozenpud. Mr. Gozenpud subsequently served a request for production of documents upon Crown to which Crown has refused to respond under 735 ILCS 5/2–623, resulting in Mr. Gozenpud's filing a motion to compel Crown to produce the documents and records requested.

Crown contends that it is not obligated to respond to Mr. Gozenpud's discovery request because Mr. Gozenpud has not yet filed an affidavit under 735 ILCS 5/2–623. Section 2–623, part of the Civil Justice Reform Amendments of 1995 which became effective March 9, 1995, requires that in a product liability action in Illinois, the plaintiff's attorney shall file an affidavit, attached to the complaint, declaring that the affiant has consulted a qualified expert who has completed a written report "after examination of the product or a review of the literature pertaining to the product." The report, in an action based on fault, must "identify the specific act or omission or other fault" and "contain a determination that the defective condition of the product or other fault was a proximate cause of the plaintiff's harm."

The Act permits a plaintiff to submit a certificate of merit within 90 days of filing the complaint if the complaint is accompanied by an affidavit stating that the affiant was unable to obtain the expert consultation required before the running of the statute of limitations. In this case, Mr. Gozenpud attached such an affidavit to his complaint, thereby according him 90 days to submit the

---

1. The parties also call this machinery a "pallet truck," "walkie," "forklift walker," and "truck/lift."

2. Defendant states that its correct title is Crown Equipment Corporation.

expert report. I recently granted Mr. Gozenpud an additional 60 days to file the report.

Mr. Gozenpud asserts that his expert mechanical engineer has inspected the truck but that in order to be able to properly prepare the certificate of merit needs to see repair records for the truck.[3]

■ The first question is whether Section 2–623 applies to the instant case. Section 2–2101 defines a "product liability action" to include "a civil action brought on any theory against a manufacturer or product seller for harm caused by a product." Thus, if Crown is either a manufacturer or seller of the truck, the requirement of filing a certificate of merit under Section 2–623 is applicable. Ordinarily, one would not expect to find that someone who merely repaired a product was either a manufacturer or seller of that product. However, Illinois has defined "product seller" to include "a person who, in the course of a business conducted for that purpose, sells, distributes, leases, installs, prepares, blends, packages, labels, markets, *repairs, maintains,* or otherwise is involved in placing a product in the stream of commerce." 735 ILCS 5/2–2101 (Emphasis added). Apparently Crown is in the business of repairing. It is unclear what is meant nevertheless by the last phrase of this definition. According to the Complaint, Mr. Gozenpud was injured at work when the pallet truck brake failed. The dictionary defines "commerce" as "the exchange of goods, productions, or property of any kind; the buying, selling, and exchanging of articles." BLACK'S LAW DICTIONARY 269 (6th ed. 1990). Commerce, in other words, occurs in the exchange or sale of a commodity from one business to some other business or individual. Since in this case the pallet truck that was allegedly the source of injury was on the premises of the plaintiff's employer, it was not in the "stream of commerce" under any

ordinary definition. Accordingly, it appears doubtful that Illinois intended 735 ILCS 5/2–623 to apply in this case.

■ Even if compliance with Section 2–623 is required in this case, however, the section does not prohibit all discovery before the filing of the expert report. Section 2–623(a)(1) allows an expert to complete his written report "after examination of the product or a review of the literature pertaining to the product." Mr. Gozenpud does not dispute that in this case his expert has been given access to the "product," that is, to the pallet truck. Crown says that is enough. But in the case of alleged negligent repair it makes sense to interpret "product" to include repair records pertaining to the product. While neither party disputes that federal courts would be bound to apply Section 2–623 in a proper case, despite the fact that it is procedural,[4] Mr. Gozenpud's attorney must also comply with Rule 11, FED.R.CIV.P. Rule 11 requires implicit certification to the best of plaintiff's counsel's knowledge, information and belief that the factual contentions made in the expert's affidavit "are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Where, as here, the expert says he cannot make such a determination without examination of the repair records, this interpretation appears necessary to prevent the possible dismissal of a meritorious claim. (It is true that Rule 11 only mandates whatever inquiry is reasonable under the circumstances, which if limited by a state statute, may be less than would ordinarily be required, but the same state statute requires that the plaintiff's attorney swear that his expert has determined that a defective condition of the product caused his client's injury. That requirement can only be met if the expert can see whatever he needs to see to make such a determination.)

### Conclusion

In summary, for the reasons stated, I conclude that the Illinois Act does not apply to

3. Mr. Gozenpud seeks other records but agrees that his additional requests are premature if the statute applies.

4. Judges in this district have repeatedly found that a similar Illinois provision, 735 ILCS 5/2–6122, discussed *infra*, must be employed in federal court. *See e.g. Landstrom v. Illinois Department of Children and Family Services,* 699

F.Supp. 1270, 1282 (N.D.Ill.1988) (Shadur, J.) (citing *Thompson v. Kishwaukee Valley Medical Group,* No. 86 C 1483, 1986 WL 11381 (N.D.Ill. October 6, 1986) (Williams, J.)), *aff'd,* 892 F.2d 670 (7th Cir.1990); *Moskowitz v. City of Chicago,* No. 93 C 1335, 1993 WL 478938, *6–7, 1993 U.S.Dist. Lexis 16402, *17–*18 (N.D.Ill. November 15, 1993) (Plunkett, J.).

this case. If I am wrong in that interpretation, however, I conclude that Mr. Gozenpud nevertheless is entitled to examine the repair records in question so that his expert can make the determination needed for Mr. Gozenpud's attorney's certification. Crown is not hurt by this interpretation. If Mr. Gozenpud's expert determines that its repairs were not the cause of the injury, presumably Mr. Gozenpud will dismiss his case (and if not, since there will not likely be evidence to support the claim, the case is not likely to survive a motion for summary judgment). Thus, whether or not the statute is applicable, Crown—if plaintiff's expert determines it was not at fault—will have saved litigation expense.

For the foregoing reasons, Mr. Gozenpud's motion to compel is granted in part. The records shall be turned over within seven (7) days.