Tammy MORAN and Wayne
Moran, Plaintiffs,

v.

ORTHO PHARMACEUTICAL
CORP., Defendant.

No. 95 C 3245.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 12, 1995.

John H. Bickley, III, Bickley & Bickley, Chicago, IL, for plaintiffs.

Donna Kaner Socol, Kimberley Marsh, Gessler, Flynn, Fleischmann, Hughes & Socol, Ltd., Chicago, IL, George Gore, Victoria L. Vance, Arter & Hadden, Cleveland, OH, for defendant.

### OPINION AND ORDER

NORGLE, District Judge:

Before the court is Defendant Ortho Pharmaceutical Corporation's ("Ortho") motion to dismiss Counts I, II, IV, and V of Plaintiffs' Complaint. For the reasons that follow, the motion is granted.

Ortho brings its motion pursuant to Federal Rule of Civil Procedure 12(b)(6) and the

Civil Justice Reform Amendments of 1995, 735 ILCS 5/2–623 (1995) ("Amendment"). Counts I, II, IV, and V of the Complaint allege product liability claims. This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Thus, the court will apply Illinois substantive law. *See American Home Assur. Co. v. Stone*, 61 F.3d 1321, 1328 (7th Cir.1995).

The Complaint is a re-filing of an action which Plaintiffs voluntarily dismissed in 1994. Plaintiffs have inexplicably failed to comply with the affidavit requirements of the Amendment. Accordingly, Ortho has moved to dismiss those Counts as provided in the Amendment.

■ When deciding a motion to dismiss, the court takes all well-pleaded factual allegations as true. *Johnson v. Martin*, 943 F.2d 15, 16 (7th Cir.1991); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). The court also accepts as true all reasonable inferences which may be drawn from those allegations. *Triad Assoc., Inc. v. Robinson*, 10 F.3d 492, 495 (7th Cir.1993). The complaint need not specify the correct legal theory nor point to the right statute. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992). The court must construe the pleadings liberally, and mere vagueness or lack of detail alone does not constitute sufficient grounds to dismiss a complaint. *McMath v. City of Gary, Ind.*, 976 F.2d 1026, 1031 (7th Cir.1992).

Ortho argues that the Complaint should be dismissed with prejudice for failure to comply with the affidavit requirements of the Amendment. First, Ortho argues that the Amendment, effective March 9, 1995, applies in the instant case, which was filed on June 1, 1995.

■ Whether affidavit requirements should be applied in diversity cases has already been addressed in the context of affidavit requirements for medical malpractice filings under 735 ILCS 5/2–622 (1995), which requires affidavits similar to those required by the Amendment. In *Landstrom v. Illinois Dept. of Children and Family Servs.*, 699 F.Supp. 1270 (N.D.Ill.1988), *aff'd* 892 F.2d 670 (7th Cir.1990), the court considered state medical malpractice affidavit requirements as substantive under the *Erie* doctrine; failure to comply with those requirements warranted dismissal from federal court. *Id.* at 1282. The Amendment requires affidavits similar to those prescribed in the medical malpractice affidavit statute. Like the medical malpractice affidavit statute, the Amendment should be considered substantive Illinois law under the *Erie* doctrine. Thus, as substantive state law, the Amendment applies in diversity actions.

■ Even so, Plaintiffs argue that the statute does not apply to the instant complaint. They maintain, because this action was originally filed in 1994, that Plaintiffs need not comply with the affidavit requirements of the Amendment, which became effective in March 1995. The court rejects this argument. The instant complaint constitutes a "new action" under the Illinois voluntary dismissal statute, 735 ILCS 5/2–1009 (1995). *See Lyon by Lyon v. Hasbro Indus., Inc.*, 156 Ill.App.3d 649, 655, 109 Ill.Dec. 41, 509 N.E.2d 702 (4th Dist.1987) (under the statute allowing a plaintiff to file "a new action" after voluntary dismissal, a complaint refiled after voluntary dismissal was "a new action" for purposes of finding whether the complaint was filed after the effective date of the medical malpractice affidavit statute). The Amendment applies to actions filed on or after March 9, 1995. 735 ILCS 5/2–623(g). Because the instant action was filed on June 1, 1995, the affidavit requirements apply.

The Amendment states that, in a product liability action, the plaintiff's attorney must file an affidavit, attached to the complaint, which declares that the affiant has reviewed the case with an expert, who has compiled a written report after examination of the product. 735 ILCS 5/2–623(a)(1). The report must identify the specific fault of the defendant, and it must state that the defective condition of the product was the cause of the plaintiff's harm. *Id.* If no expert affidavit is available, the Amendment states that, alternatively, a substitute affidavit may affirm as follows:

(2) That the plaintiff has not previously voluntarily dismissed an action based upon the same or substantially the same acts,

omissions, or occurrences and that the affiant was unable to obtain ... [the] ... consultation required ... because either a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations or despite a good faith effort to comply with this Section, the plaintiff was prevented by another person from inspecting or conducting nondestructive testing of the product. If an affidavit is executed pursuant to this paragraph, the affidavit required ... shall be filed within 90 days after the filing of the complaint. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with ... [the] ... affidavit.... *No plaintiff shall be afforded the 90–day extension of time provided by this paragraph ... if he or she has voluntarily dismissed an action for the same harm against the same defendant.* 735 ILCS 5/2–623(a)(2) (emphasis added). Failure to provide the requisite affidavit is grounds for dismissal. 735 ILCS 5/2–623(e).

■ Because Plaintiffs filed neither an affidavit confirming that an expert had reviewed the case nor an affidavit requesting additional time, Ortho argues that the court must dismiss Counts I, II, IV, and V. Plaintiffs admit their failure to file an affidavit, yet they contend that they should be granted a ninety-day extension in which to file the requisite affidavit. They state that the issue of whether an extension should be granted under the Amendment is virtually identical to the issue of whether an extension should be granted under the medical malpractice affidavit statute. That statute states that, in the alternative to submitting an affidavit describing an expert's written report, plaintiffs may submit an affidavit which states the following:

2. That the plaintiff has not previously voluntarily dismissed an action based upon the same or substantially the same acts, omissions, or occurrences and that the affiant was unable to obtain a consultation ...

[by an expert] ... because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate and written report ... shall be filed within 90 days after the filing of the complaint. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with a certificate....

Indeed, one Illinois court has ruled that a plaintiff is entitled to the medical malpractice 90–day extension upon the refiling of a lawsuit which the plaintiff previously voluntarily dismissed. *Neuman v. Burstein,* 230 Ill. App.3d 33, 172 Ill.Dec. 298, 595 N.E.2d 659 (2d Dist.1992). However, Plaintiffs seem to have missed the essential difference between the two statutes. Again, the Amendment affirmatively states that "No plaintiff shall be afforded the 90–day extension of time provided by this paragraph ... if he or she has voluntarily dismissed an action for the same harm against the same defendant." The Amendment (a)(2).

Although that affirmative language removes the court's discretion in granting the extension in the instant case, the court may dismiss the case without prejudice, allowing Plaintiffs to once again refile their action. *See McCastle v. Sheinkop,* 121 Ill.2d 188, 117 Ill.Dec. 132, 520 N.E.2d 293 (1987) (it is within the trial court's discretion to dismiss without prejudice an action not complying with the medical malpractice affidavit requirements).

However, the court notes that the affirmative language of the Amendment demonstrates a legislative desire to avoid repeated continuances based on voluntary dismissals. Plaintiffs' complete and unexplained failure to comply with the Amendment at the time of filing weighs in favor of dismissing the action with prejudice.

Still, the court prefers to decide cases on their merits.[1] Thus, notwithstanding Plain-

---

1. In considering whether to dismiss with prejudice, the court notes another case, involving similar facts, which resulted in a jury verdict for the plaintiffs. *See Baroldy v. Ortho Pharm. Corp.,*

157 Ariz. 574, 760 P.2d 574 (App.1988). *Baroldy* weighs in favor of dismissing the instant case without prejudice, as it indicates that there might

tiffs' indefensible failure to comply with statutory affidavit requirements, the court dismisses Counts I, II, IV, and V without prejudice.

IT IS SO ORDERED.

be a fact scenario under which Plaintiffs may recover.