**Claudia and Miguel IRIZARRY,
Plaintiffs,**

v.

**DIGITAL EQUIPMENT CORP.; Compaq Computer Corp.; Honeywell, Inc.; Honeywell Information Systems; Bull HN Information Systems; Key Tronic Corporation, Defendants.**

No. 95 C 5143.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 26, 1996.

---

Stephen G. Seliger, Laurie S. Elkin, Seliger & Mikva, Ltd., Chicago, IL, for Claudia Irizarry, Miguel Irizarry.

John Robert Doyle, Cathy McNeil Stein, McDermott, Will & Emery, Chicago, IL, for Digital Equipment Corporation.

Kimball Richard Anderson, T. Alexis MacDowall, Winston & Strawn, Chicago, IL, for Compaq Computer Corp.

Charles Anthony Lemoine, Rooks, Pitts & Poust, Chicago, IL, Terrence Edward Kiwa-

la, Richard Capra, Rooks, Pitts & Poust, Chicago, IL, for Honeywell, Inc.

Champ W. Davis, Jr., Amy J. Mishell, Davis, Mannix & McGrath, Chicago, IL, for Bull HN Information Systems, Inc.

Eric L. Samore, Ellen Seavey Martin, Julie P. Rubin, Querrey & Harrow, Ltd., Chicago, IL, for Key Tronic Corporation.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Plaintiffs Claudia and Miguel Irizarry bring this three-count products liability action against various manufacturers and sellers of computer keyboards, alleging that the defendants' defective keyboards caused Claudia Irizarry to develop carpal tunnel syndrome and other medical problems. Presently before the court are the defendants' joint motion to dismiss the complaint for failure to file an adequate affidavit and expert's report as required by 735 ILCS 5/2–623, and the plaintiffs' motion for leave to file those materials. For the reasons set forth below, we grant leave to file the affidavit and report, but because the materials fail to satisfy § 2–623, we order the plaintiffs to file a conforming affidavit and report within 30 days.

### I. Background

According to the complaint, from 1989 to 1994, Claudia Irizarry "continuously used" keyboards made and sold by the six defendants: Digital Equipment Corporation, Compaq Computer Corporation, Honeywell, Inc., Honeywell Information Systems, Bull HN Information Systems, and Key Tronic Corporation. Compl. ¶ 11. Apparently, she typed on the keyboards as part of her secretarial job at a Helene Curtis facility located in Chicago. *See id.; see* Pl.'s Reply[1] at 19. Claudia asserts that she developed physical injuries, including carpal tunnel syndrome, as a result of typing on the so-called "QWERTY" keyboards.

On August 8, 1995, the plaintiffs filed their complaint in Illinois state court. In the first two counts, Claudia premised recovery for her injuries on strict liability and negligence theories; the third count asserted a loss of consortium claim on behalf of Claudia's husband, Miguel Irizarry. On September 8, 1995, the defendants removed the action to this court on the basis of diversity jurisdiction.[2] When the parties failed to appear at a status hearing, we dismissed the action for want of prosecution. We later granted the plaintiffs' motion to reinstate, and now the defendants move to dismiss the complaint, arguing that the plaintiffs failed to file the affidavit and expert's report required by 735 ILCS 5/2–623. In response, the plaintiffs move for leave to file the materials; the defendants reply that, even if filed, the materials do not meet the requirements of § 2–623. We discuss the arguments in turn.

### II. Discussion

#### A. Section 2–623

As part of a larger tort reform measure named the Civil Justice Reform Amendments of 1995, § 2–623 provides for certain requirements applicable specifically to products liability actions in Illinois. In such actions, § 2–623 generally requires that the plaintiff's attorney "file an affidavit, attached to the original and all copies of the complaint," averring either that (1) the attorney "has consulted and reviewed the facts of the case with a qualified expert . . . who has completed a written report" that contains specified information and findings, or (2) the attorney cannot obtain the consultation prior to filing of the complaint due to an imminent expiring of a statute of limitations or because another person prevented testing of the product. § 2–623(a)(1), (2). If the plaintiff's attorney files an affidavit under § 2–623(a)(2), "the affidavit required under paragraph (1) shall be filed within 90 days after the filing of the complaint." § 2–623(a)(2).

Under *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938),

---

1. The plaintiffs mislabeled their response brief in opposition of the defendants' motion as a "reply" brief; we will refer to the response as "Pl.'s Resp.," and the reply as "Pl.'s Reply."

2. Because the defendants were served with the complaint after August 8, Defs.' Notice of Removal ¶ 1, the notice of removal was timely filed within thirty days under 28 U.S.C. § 1446(b).

substantive rules such as § 2–623 apply in diversity actions litigated in federal court. *Medrano v. Tenneco Equip. Corp.*, 1995 WL 756856 (N.D.Ill.1995); *Gozenpud v. Crown Controls Corp.*, 897 F.Supp. 372, 374 (N.D.Ill. 1995); *Moran v. Ortho Pharmaceutical Corp.*, 907 F.Supp. 1228, 1229 (N.D.Ill.1995). Although "there is no clear criterion for deciding whether a particular state rule is 'substantive' for purposes of deciding whether *Erie* requires that it be enforced in federal diversity litigation,"

> [one] class of pretty easy cases is where the state procedural rule, though undeniably 'procedural' in the ordinary sense of the term, is limited to a particular substantive area, such as ... tort law.... For then the state's intention to influence substantive outcomes is manifest and would be defeated by allowing parties to shift their litigation into federal court unless the state's rule was applied there as well.

*S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 310 (7th Cir.) (citations omitted), *cert. denied,* —— U.S. ——, 116 S.Ct. 566, 133 L.Ed.2d 491 (1995). According to this understanding of *Erie*, § 2–623 is substantive; the affidavit requirement is specifically targeted at products liability actions, and the requirement does not conflict with the Federal Rules of Civil Procedure.[3] *See id.* Accordingly, we apply § 2–623 in this action.

In the instant case, the plaintiffs filed an affidavit under § 2–623(a)(2), triggering the 90–day extension to file an affidavit conforming to § 2–623(a)(1). Because the complaint was filed on September 8, 1995, the 90–day period expired on November 6. However, it was not until December 12 that the plaintiffs moved for leave to file the § 2–623(a)(1) affidavit, and that was the first date the plaintiffs tendered the affidavit and report.

Although no Illinois case addresses the consequences of failing to timely file a § 2–623 affidavit, we think the Illinois Supreme Court would not mandate automatic dismissal with prejudice. In *McCastle v. Mitchell B. Sheinkop, M.D., Ltd.*, 121 Ill.2d 188, 117 Ill.Dec. 132, 520 N.E.2d 293 (Ill. 1987), the state supreme court held that failure to file a similar affidavit required in medical malpractice actions, 735 ILCS 5/2–622, does *not* automatically dictate dismissal with prejudice. Although the court relied in part on legislative history specific to § 2–622, the court also reasoned that it would be "absurd, inconvenient or unjust" if courts could not "permit amendments to add the necessary affidavits." *Id.* at 135, 520 N.E.2d at 296. Rather, "[t]he decision whether to grant leave to amend the pleadings is within the sound discretion of the trial court." *Id.*[4] Furthermore, the concurrence in *McCastle* emphasized that § 2–622(g) merely provided that failure to file the affidavit "shall be grounds for dismissal," but did not expressly require dismissal. *Id.* (Miller, J., concurring). In light of the similarities between the affidavit requirements of §§ 2–622 and 2–623, and between the stated consequences of the sections, *see* § 2–623(e) ("failure to file an affidavit ... shall be grounds for dismissal"), we will consider whether to permit a late filing of the § 2–623(a)(1) affidavit, rather than automatically dismiss with prejudice.[5]

---

3. In addition, we note that a similar affidavit requirement in medical malpractice cases, 735 ILCS 5–2–622, has been applied in federal diversity litigation as a substantive rule. *See Thompson by Thompson v. Kishwaukee Valley Medical Group*, No. 86 C 1483, 1986 WL 11381, at *2 (N.D.Ill. Oct. 6, 1986); *see also Landstrom v. Illinois Dep't of Children and Family Servs.*, 699 F.Supp. 1270, 1282 (N.D.Ill.1988), *aff'd*, 892 F.2d 670 (7th Cir.1990).

4. We note that Federal Rule of Civil Procedure 15(a) grants a party the right to "amend" a "pleading" once as a matter of course prior to the filing of an answer, and the defendants in this case have yet to answer. However, we do not think that filing a § 2–623 affidavit subsequent to initiating the lawsuit constitutes an amendment to a pleading under Rule 15(a); rather, § 2–623(a)(2) refers to filing the affidavit "after filing of the complaint." Accordingly, applying the substantive filing rule expressed in § 2–623 in this diversity action properly includes applying the Illinois law governing whether to permit untimely filed affidavits under § 2–623.

5. We note that the few federal decisions addressing the issue have applied *McCastle* to untimely § 2–623(a)(1) affidavit filings. *Moran*, 907 F.Supp. at 1229; *Medrano*, 1995 WL 756856, at *2–4.

In exercising our discretion, we look to factors such as whether the untimely filing exhibited "bad faith or an intent to frustrate justice," whether "good cause" existed for the late filing, and whether granting leave to file will prejudice the defendant. *See Cato v. Attar,* 210 Ill.App.3d 996, 155 Ill.Dec. 500, 503, 569 N.E.2d 1111, 1114 (1991). Additionally, we must bear in mind that late filings "should be liberally allowed to enable the case to be decided on the merits rather than on procedural technicalities." *Id.* at 502, 569 N.E.2d at 1113.

After considering these factors, we grant leave to file the affidavit. There is no apparent suggestion that the plaintiffs have acted in bad faith or pursuant to an intentional dilatory strategem. Moreover, permitting an untimely filing will not prejudice the defendants as to the merits of the claim. Although we will permit the plaintiffs to file the affidavit, we do not condone the plaintiffs' failure to file the affidavit in a timely manner and to proceed expeditiously.[6] However, in light of the interest in hearing the case on the merits, *see Cato,* 155 Ill.Dec. at 502, 569 N.E.2d at 1113, we grant leave to file the affidavit.

### B. Sufficiency of the Affidavit and Expert's Report

Although we grant leave to file the affidavit, the affidavit and the attached expert's report fail to satisfy the requirements set forth in § 2–623. Under § 2–623, the affidavit must declare

(1) [t]hat the affiant has consulted and *reviewed the facts of the case* with a qualified expert, ..., who has completed a written report, after examination of the product or a review of literature pertaining to a product. ...

§ 2–623(a)(1) (emphasis added). As for the expert's report, among other things "the re-port must contain a determination that the defective condition of the product or other fault was a proximate cause of the plaintiff's harm." § 2–623(a)(1)(C).

In the instant case, the affidavit proffered by the plaintiffs' attorney states:

3. I have consulted with Dr. Karl Kroemer regarding the type of computer keyboard used by plaintiff, a "Qwerty" keyboard. Dr. Kroemer has completed two written reports after a review of the literature regarding "Qwerty" keyboards.

4. One of Dr. Kroemer's reports identifies defects in "Qwerty" keyboards that have a potential for harm beyond that which would be objectively contemplated by the ordinary user of the product. Dr. Kroemer's second report addresses the causal link between repetitive activities and repetitive stress disorders.

Pls.' Resp., Ex. A, Balensky Aff. ¶¶ 3–4. These averments fail to meet § 2–623(a)(1)'s requirement that the attorney "review[ ] the facts of the case" with the expert. Given that the written report must express that the product's defect "was a proximate cause of *the plaintiff's* harm," § 2–623(a)(1)(C) (emphasis added), it is inadequate for the plaintiffs' attorney to have merely consulted with the expert "regarding the *type* of computer keyboard used by plaintiff," Balensky Aff. ¶ 3 (emphasis added). Apparently, the consultation did not involve any facts specific to the plaintiffs' case, such as the frequency and duration of Claudia Irizarry's use of the keyboards, the manner in which she typed on the keyboard, and other possible medical conditions that could have led to her injuries; according to the expert's own report, these are all factors involved in suffering injury from repetitive stress. *See* Kroemer 1995 Report at 8; Kroemer 1992 Report at 2–3, 6. Indeed, the consultation did not seem to involve a review of the plaintiff's "harm," § 2–

---

6. After we dismissed the case for want of prosecution on October 13, the plaintiffs filed a notice of motion to reinstate on October 30; the plaintiffs noticed the motion for November 7 as the date of presentation. We granted the motion on that date. On November 17, the defendants moved to dismiss for failure to attach a § 2–623 affidavit. It was at this time, the plaintiffs' attorneys aver, that they decided to attach the affidavit and expert's report to their response to the motion to dismiss, rather than proffer the report when the case was reinstated. Pls.' Reply, Ex. C, Aff. ¶ 12. No reason is given to explain why the attorneys decided to wait. In addition, when the plaintiffs tried to file their response on its due date, December 11, the Clerk's office properly refused to accept the response without a signed original. Pls.' Mot. to file Instanter ¶ 3 (Docket Entry 16). Finally, the plaintiffs tendered the affidavit on December 12.

623(a)(1)(C), that is, her injuries. Unsurprisingly, the expert's report fails to contain a determination that the defective product was a proximate cause of Claudia Irizarry's harm.[7] Accordingly, we find that the plaintiffs' affidavit and the expert's report do not conform to § 2–623.[8]

## III. Conclusion

Rather than dismiss the action, however, we exercise our discretion in light of the factors discussed above, *see Cato,* 155 Ill.Dec. at 502–03, 569 N.E.2d at 1113–14, and order that the plaintiffs file an affidavit and report that conforms to § 2–623(a)(1) within 30 days of entry of this order. Failure to do so will result in dismissal with prejudice. It is so ordered.

7. We note that the plaintiffs' attached another expert's report, which takes the form of an affidavit, to their reply brief. Pls.' Reply, Ex. E, Pascarelli Aff. However, without reviewing the facts of the case relevant to suffering repetitive stress injury, *id.* ¶¶ 19–30, the Pascarelli report also lacks a determination that the plaintiff's harm was proximately caused by the keyboard.

We also point out that the plaintiffs' reply brief violated Local Rule 9(D) by exceeding 15 pages without leave of court. The plaintiffs' attorneys and local counsel are reminded to adhere to this district's local rules.

8. We do find, however, that the affidavit and expert's report meet—adequately if not precisely—the other requirements of § 2–623. *Compare* § 2–623(a)(1)(A)(i) *and* § 2–623(a)(1)(B) *with* Kroemer 1995 Report at 2–8 (discussing five specific defects); *compare* § 2–623(a)(1)(A)(ii) *with* Kroemer 1995 Report (discussing defects of "conventional" keyboards); *compare* § 2–623(b) *with* Kroemer 1992 Report at 11, 20–21, 24–25 (purporting to identify feasible alternative designs).