**William SIKORA, Plaintiff,**

v.

**AFD INDUSTRIES, INC. And Verto Staalkabel BV, Inc., d/b/a United Ropes, Defendants.**

**Verto STAALKABEL B.V., Cross–claimant,**

v.

**AFD INDUSTRIES, INC., Cross–defendant.**

**Verto STAALKABEL B.V. Third party plaintiff,**

v.

**MONTGOMERY KONE, INC., f/k/a Montgomery Elevator Co., Third party defendant.**

No. 98 C 1116.

United States District Court, N.D. Illinois, Eastern Division.

April 24, 1998.

840

Lorna E. Propes, Cahill, Christian & Kunkle, Ltd., Michael J. Kane, Law Offices of Michael J. Kane, Chicago, IL, for William Sikora.

Dominick W. Savaiano, Paul Bozych, John Edward DeLascio, Clausen Miller P.C., Chicago, IL, for AFD Industries, Inc.

William Joseph Morris, Jeffrey W. Gunn, Morris & Stella, Chicago, IL, for Verto Staalkabel BV, Inc.

Charles P. Menges, Thomas R. Schutt, Menges, Mikus & Molzahn, Chicago, IL, for Montogomery Kone Inc.

### MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Plaintiff allegedly suffered serious personal injuries in an accident on April 30, 1993, while he was doing maintenance work on an elevator on behalf of his employer, Montgomery KONE, Inc. (Montgomery). On July 14, 1994, he filed an action in state court against Montgomery's parent and against Verto Staalkabel B.V. (Verto), a Netherlands company that manufactured the elevator cables, and AFD Industries, Inc. (AFD), the distributor of the cables. He named his employer as a respondent in discovery. Verto was not served until March 23, 1995. AFD brought a third party action against Montgomery on August 1, 1996, but that action was dismissed on November 15, 1996, pursuant to 735 ILCS 5/13–204(b). We set forth both 5/13–204(b) and (c):

> (b) In instances where an underlying action has been filed by a claimant, no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action or more than 2 years from the time the party, or his or her privy, knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity, whichever period expires later.

> (c) The applicable limitations period contained in subsection (a) or (b) shall apply to all actions for contribution or indemnity and shall preempt, as to contribution and indemnity actions only, all other statutes of limitation or repose, but only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action, or in instances where no underlying action has been filed the payment in discharge of the obligation of the party seeking contribution or indemnity is made before any such underlying action would have been barred by lapse of time.

On December 31, 1997, the plaintiff voluntarily dismissed his lawsuit without prejudice. By then, more than two years had passed from the time Verto was served, and it had not brought a third party action against Montgomery, nor could it have done so because the limitations period had run.

On February 6, 1998, plaintiff filed a new action for his personal injuries against AFD

and Verto. They removed the action and Verto filed a third party action against Montgomery. Montgomery now moves to dismiss on the ground that it was filed beyond the limitations period. We grant that motion.

When the prior action was dismissed Verto's right to bring a third party action had been extinguished. The same was true with respect to AFD, and there had been a ruling to that effect. The underlying action is timely here because it was brought within one year of the plaintiff's voluntary dismissal. 735 ILCS 5/13–217 (as applicable to this case). Does the subsequent refiling of the underlying claim revive the right to pursue a third party claim? We do not believe that it does.

The parties agree that neither the Illinois Contribution Act nor any Illinois case specifically addresses that situation. Verto argues that the refiled action is a new and independent proceeding and that both Illinois and federal law treat the subsequent case as if the prior case had never been filed. *See Moran v. Ortho Pharmaceutical Corp.*, 907 F.Supp. 1228, 1229 (N.D.Ill.1995); *Chott v. Cal Gas Corp.*, 746 F.Supp. 1377, 1378 (E.D.Mo.1990). Thus, it contends, the two-year period runs from the date of service of process in the refiled action. Verto recognizes that at the time plaintiff refiled more than two years had passed since his injury and he could not then have sued Montgomery. It argues, however, that 5/13–204(c) does not apply because plaintiff never had a claim against his employer.

We recognize that procedural defects in the first action generally do not taint the second. *Moody's Investors Service, Inc. v. Department of Revenue*, 101 Ill.2d 291, 78 Ill.Dec. 138, 461 N.E.2d 972, 976 (1984). But a statute of repose is more than just "procedural." It is a bar to the action. *Vaughn v. Speaker*, 126 Ill.2d 150, 127 Ill.Dec. 803, 808, 533 N.E.2d 885, 890 (1988); *see also Reinke v. Boden*, 45 F.3d 166, 169 (7th Cir.1995), *cert. denied*, 516 U.S. 817, 116 S.Ct. 74, 133 L.Ed.2d 34 (1995). Here it has been legislatively determined that a party has one year to revive an action after a voluntary dismissal, but there has been no legislative determination that a party may seek contribution after the statutory limitations period has run. Perhaps some judicial tinkering would be warranted if the voluntary dismissal was prior or to the time that the right to bring a third party action for contribution expired, but that is not the circumstance here. If we were to permit Verto to go forward because this is a wholly new and independent action, then presumably AFD could also now seek contribution despite the prior adverse determination. We see nothing in the statute nor legislative policy respecting statutes of repose to justify such a conclusion.